PER CURIAM.
This is an original proceeding in prohibition seeking to restrain the respondent from exercising jurisdiction to enforce an injunction issued by respondent on June 20, 1973, and from otherwise exercising jurisdiction over the petitioner with respect or regard to its relations with regulations or supervision by or appearance before the Federal Home Loan Bank Board and its agents and representatives. Petitioner contends sub judice that the respondent court, being a state court, is without jurisdiction to interfere by injunction or otherwise with proceedings pursuant to the provisions of Title 12 U.S.Code, Section 1464 et seq. relating to federal financial institutions.
On June 20, 1973, the respondent in a case styled, “Washington Federal Savings and Loan Association of Miami Beach, Plaintiff v. Fred O. Dickinson, Jr., Comptroller and American Federal Savings and Loan Association, Intervenor,” Dade County Circuit Court Case Number 73-6546, issued a temporary restraining order which provides, inter alia:
“ORDERED AND ADJUDGED that pending further order of this Court, the Plaintiff and its officers, agents, servants and employees, and each of them are hereby enjoined and restrained from proceeding before the Federal Home Loan Bank Board on Plaintiff’s application for permission to establish a branch office at Kane Concourse and Bay Harbor Islands, Florida, now set to be heard before said Board or its designated agent or hearing officer on June 21, 1973, in Atlanta, Georgia, and from taking any other action whatsoever in support of said application to establish a branch office at the aforesaid location until such time as all proceedings in this cause have been fully determined and decided according to law.”
Rule Nisi in Prohibition issued from this Court and respondent filed a return to the order to show cause.
The effect of the temporary restraining order entered by Judge Balaban was stayed by this Court on June 21, 1973. In oral argument in this cause at the bar of this Court, all counsel involved have conceded that the hearing before the Federal Home Loan Bank Board in Atlanta was duly held and Washington Federal Savings and Loan Association participated in the hearing by virtue of the stay order of this Court hereinabove-referred to. It, therefore, appears that the propriety vel non of the restraining order is now moot, the Atlanta hearing having been completed.
However, by caveat, we point out that the issuance of the restraining order by respondent was error in that the state court was without authority to interfere with a hearing called by and before a Federal agency regulated by Federal law.
The Supremacy Clause, Article VI of the Constitution of the United States provides :
“This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be *17 the supreme Law of the Land; and the Judges in every State shall he bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.”
 By virtue of Title 12 U.S.Code, Section 1464 et seq., the Federal Government has pre-empted the regulation and supervision of federal savings and loan associations and the organization, incorporation, examination and operation of the same and location of offices and branch offices of federal savings and loan associations.
Accordingly, the Rule Nisi in Prohibition is made absolute.
It is so ordered.
CARLTON, C. J., and ROBERTS, ADKINS, BOYD and McCAIN, JJ., concur.